UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| SANDY BROOKS SCOTT, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 4:11CV00612 AGF |
| AETNA LIFE INSURANCE COMPANY, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Defendant Aetna Life Insurance Co. ("Aetna") to dismiss Plaintiff Sandy Books Scott's complaint for failure to state a claim under the Employee Retirement Insurance Security Act ("ERISA"). For the reasons set forth below, this motion shall be denied, but Plaintiff will be directed to file an amended complaint.

## BACKGROUND

Scott filed this action in state court asserting a claim against Aetna for breach of contract in refusing to pay her benefits for a certain period of time, under a long-term disability insurance policy. Scott stated that the plan was covered by ERISA. She attached a copy of the plan to her complaint, and asserted that the denial of benefits constituted an abuse of discretion on the part of Aetna. Aetna removed the action to this Court under 28 U.S.C. § 1441(b), which permits removal of any civil action over which federal district courts have original jurisdiction under 28 U.S.C. § 1331. Section 1331 provides, in turn, that federal district courts have original jurisdiction in all civil actions

arising under laws of the United States. Aetna asserted that Scott's claim arose under federal law because the insurance plan in question was governed by ERISA, and that her claim was completely preempted by that statute.

Aetna now argues that the complaint should be dismissed because the state breach of contract claim is completely preempted by ERISA. In response, Scott acknowledges that her state law breach of contract claim is preempted by ERISA, but she maintains that her complaint is adequate to state a claim under ERISA because it states that Aetna's plan is governed by ERISA, and also sets forth "the well known [abuse of discretion] standard for proving a case under ERISA." Aetna replies that the complaint should be dismissed because it "does not articulate what claim [Scott] is pursuing under ERISA," and thus does not provide Aetna with fair notice of what Scott's claim is and the grounds upon which it rests. Aetna asks as an alternative to dismissal, that Scott be required to re-plead and specify the claim under ERISA she purports to assert against Aetna.

## **DISCUSSION**

As Aetna argues, and Scott acknowledges, the state breach of contract claim is completely preempted by ERISA. While Scott mentions in the complaint that the plan is question is covered by ERISA and that Aetna abused its discretion is denying the benefits in question, the complaint is essentially pled as a breach of contract claim. Such a claim is preempted by ERISA and is subject to dismissal. See *Parkman v. Prudential Ins. Co. Of Am.*, 439 F.3d 767, 771-72 (8th Cir. 2006). Plaintiff is not proceeding pro se, and so it is not the Court's obligation to construe the complaint so that it sets forth an ERISA

2

claim. Furthermore, the proper Defendants in an ERISA case may not be the same as in a breach of contract case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff shall have up to and including June 20, 2011 to file an amended complaint under ERISA. Failure to do so will result in dismissal fo the current complaint without prejudice.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim is **DENIED as moot** without prejudice to renewing such a motion directed to an amended complaint. [Doc. #7].

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of June, 2011

3