**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| SANDY BROOKS SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 4:11-cv-612 (AGF) |
| AETNA LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT AETNA LIFE INSURANCE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Defendant Aetna Life Insurance Company ("Aetna"), by and through its

counsel, and for its answer and affirmative defenses to Plaintiff Sandy Brooks Scott's

("Plaintiff") Amended Complaint ("Complaint") dated June 17, 2011, states as follows:

**AMENDED COMPLAINT**

Comes now the plaintiff, by and through counsel, and for her First Amended Complaint
against Defendant pursuant to 29 USC 113 (a)(1)(B) against Defendant for the denial of her
long-term disability benefits states as follows:

**ANSWER:   The paragraph preceding Paragraph 1 purports to summarize
Plaintiff's claim, and therefore, no admission or denial is required.  To the extent it is read
to assert that Plaintiff has stated a viable claim for relief, Aetna denies the averments
therein.  Further answering, Aetna denies that Plaintiff has alleged a viable cause of action
pursuant to 29 U.S.C. § 113(a)(1)(B) because 29 U.S.C § 113(a)(1)(B) does not exist.**

1.      Plaintiff, Sandy Brooks Scott, is [a] resident of The City of St. Louis.

**ANSWER:   Aetna is without sufficient information to admit or deny the averment
contained in Paragraph 1 of the Complaint, and therefore denies the same.**

2.      The Life [sic] Aetna Life Insurance Company (Aetna) provided long-term disability insurance to the plaintiff.

**ANSWER:      Aetna denies the averments contained in Paragraph 2.**

3.      Aetna is the proper defendant.

**ANSWER:      Paragraph 3 contains conclusions of law to which no admission or denial is required.  To the extent an answer is required, Aetna denies the same.  Further answering, to the extent Paragraph 3 is read to assert that Plaintiff has stated a viable claim for relief, Aetna denies the averment therein.**

4.      Aetna provided long-term disability insurance coverage to the Plaintiff under Group Insurance Policy Number GP-881950 (herein after "The Plan") or successors thereto.

**ANSWER:      In response to the averments contained in Paragraph 4, Aetna states that it provided long-term disability insurance coverage to RehabCare under group policy number GP-881950 ("the Plan"), and, to Aetna's information, knowledge, and belief, Plaintiff was a participant in the Plan.**

5.      The Plan is covered by ERISA.

**ANSWER:      In response to the averments contained in Paragraph 5, Aetna states that the terms of the Plan are governed by ERISA.  Aetna denies any averments contained in Paragraph 5 inconsistent with this response.**

6.      The Insuring Clause of the Policy states, "This plan will be a Monthly Benefit for a period of disability caused by a disease or injury."

**ANSWER:      In response to the averments contained in Paragraph 6, Aetna states that any alleged writing referenced therein speaks for itself, and the writing is the best evidence of what is stated, and therefore no admission or denial is required.  To the extent**

**an answer is required, Aetna denies Plaintiff's summary of the Plan language, as Plaintiff has misquoted the language of the Plan.**

7.    The Plan states and [sic] "The Employee will be deemed disabled if: you are not able to perform the material duties of your own occupation because of disease or injury, and your work earnings are 80% or less of adjusted predisability earnings.  After the first 24 months that any Monthly Benefit is payable during a period of disability, you will be deemed to be disabled on any day you are not able to work at any reasonable occupation because of disease or injury."

**ANSWER:    In response to the averments contained in Paragraph 7, Aetna states that any alleged writing referenced therein speaks for itself, and the writing is the best evidence of what is stated, and therefore no admission or denial is required.  To the extent an answer is required, Aetna denies Plaintiff's summary of the Plan language, as Plaintiff has misquoted the language of the Plan.**

8.    A reasonable occupation is defined as "Any gainful activity for which you are; or may reasonably become, fitted by: education training; training; or experience; and which results in; or can be expected to result in; an income of more than 80% of your adjusted pre-disability earnings."

**ANSWER:    In response to the averments contained in Paragraph 8, Aetna states that any alleged writing referenced therein speaks for itself, and the writing is the best evidence of what is stated, and therefore no admission or denial is required.  To the extent an answer is required, Aetna denies Plaintiff's summary of the Plan language, as Plaintiff has misquoted the language of the Plan.**

9.    The long-term disability plan, insured by defendant, is an "employee welfare benefit plan["] under 20 USC Section 1002(1).

**ANSWER:    In response to the averments contained in Paragraph 9, Aetna states that it does not know what Plaintiff means by the phrase "[t]he long-term disability plan," and therefore cannot respond to Paragraph 9.**

10.     Under the plan, Defendant operated as a "fiduciary" under 29 USC Section 1002 (21)(A) as the Defendant had the authority [to] approve or deny the claim.  Defendant was also the insurer of the plan.

**ANSWER:     Paragraph 10 contains conclusions of law to which no admission or denial is required.**

11.     As an employee, Plaintiff is a plan participant and beneficiary under the terms of the plan, under 29 USC Section 1002(7)[.]

**ANSWER:     In response to the averments contained in Paragraph 11, Aetna states that it does not know what Plaintiff means by "[a]s an employee," and therefore cannot respond to the averments contained in Paragraph 11.**

12.     The Plaintiff went out of work for severe spondylosis on May 21, 2007.

**ANSWER:     In response to Paragraph 12, upon information and belief, Aetna states that Plaintiff asserts her absence from work was due to spondylosis.  To the extent the averments contained in Paragraph 12 differ from this response, Aetna denies the same.**

13.     She has not worked since that date.

**ANSWER:     Aetna is without sufficient knowledge or information to form a belief as to the truth of the averment contained in Paragraph 13, and therefore, denies the same.**

14.     Plaintiff complied with the terms of the Policy by supplying medical evidence demonstrating her inability to work beyond May 21, 2007.  Defendant initiated long-term disability payments to plaintiff after the ninety-day waiting period.

**ANSWER:     In response to the averments contained in Paragraph 14, Aetna states that Plaintiff supplied it with medical evidence, which concerned her ability to work, and states that it initiated long-term disability payments to Plaintiff after a ninety-day waiting**

4

**period.  Aetna denies any averments contained in Paragraph 14 inconsistent with this response.**

15.    The Defendant paid 24 months of disability benefits to the Plaintiff during the ["]own occupation["] limit in the policy.

> **ANSWER:    Aetna admits the averments contained in Paragraph 15.**

16.    To be eligible for benefits beyond 24 months the plaintiff must be disabled from a "reasonable occupation."

> **ANSWER:    In response to the averments contained in Paragraph 16, Aetna states that any alleged writing referenced therein speaks for itself, and the writing is the best evidence of what is stated, and therefore no admission or denial is required.  To the extent an answer is required, Aetna denies Plaintiff's characterization of the language of the Plan.**

17.    Per the Defendant[']s vocational rehabilitation report the Plaintiff worked as a physical therapist and her reasonable wage was $24.75 an hour.

> **ANSWER:    Aetna admits the averments contained in Paragraph 17.**

18.    The commencement date to start payments was May 21, 2007.

> **ANSWER:    Aetna denies the averments contained in Paragraph 18.**

19.    The benefits were established at a rate of $3438.73.00 per month.

> **ANSWER:    In response to the averments contained in Paragraph 19, Aetna states that it does not know what Plaintiff means by the amount "$3438.73.00," and therefore cannot respond to the averments containing that reference.**

3663889.4

20.    The Defendant paid disability benefits from February 12, 2007 to July 11, 2007 at the rate of $3,438.73 per month.

**ANSWER:    In response to the averment contained in Paragraph 20, Aetna states that it paid long-term disability benefits to Plaintiff at the rate of $3,438.73 per month from November 21, 2007 to November 21, 2009.  Upon information and belief, Aetna denies the remaining averments.**

21.    The plaintiff remained unemployed per the terms of the policy.

**ANSWER:    Aetna is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 21, and therefore, denies the same.**

22.    Damages accumulated at the rate of $3,438.73 per month from November 21, 2009 to May of 2010.  The total amount of damages for this period is $17,193.65.

**ANSWER:    Aetna denies the averments contained in Paragraph 22.**

23.    Plaintiff started drawing Social Security Disability of $2,123.00 beginning May of 2010.

**ANSWER:    Aetna denies the averments contained in Paragraph 23.**

24.    The Social Security Disability payments act as an offset to Plaintiff[']s accumulating damages per the terms of the plan.

**ANSWER:    Aetna admits the averments contained in Paragraph 24.**

25.    The Defendant damages continue to accumulate damages at the rate of $1315.73 per month.

**ANSWER:    In response to the averments contained in Paragraph 25, Aetna states that it does not know what Plaintiff means by "Defendant damages," and therefore cannot respond to the averments contained in Paragraph 25.**

6

26.     Plaintiff remained permanently and totally disabled from gainful employment from May 21, 2007 through present day.

      **ANSWER:     Aetna denies the averments contained in Paragraph 26.**


27.     The Defendant stopped paying benefits on November 21, 2009.

      **ANSWER:     Aetna admits the averments contained in Paragraph 27.**


28.     The Defendant notified the plaintiff of its decision to stop paying disability benefits.

      **ANSWER:     Aetna admits the averments contained in Paragraph 28.**


29.     Plaintiff appealed the denial of her benefits.  Defendant denied the appeal.

      **ANSWER:     Aetna admits the averments contained in Paragraph 29.**


30.     The Plaintiff has exhausted her administrative remedies according to the terms of The Plan.

      **ANSWER:     Aetna admits the averments contained in Paragraph 30.**


31.     Over the course of the Defendant[']s acceptance of the claim and the appeal of the claims, Defendant performed three separated vocational reports on the plaintiff.

      **ANSWER:     In response to the averments contained in Paragraph 31, Aetna states that it does not know what Plaintiff means by the phrase "three separated vocational reports," and therefore cannot respond to the averments contained in Paragraph 31.**


32.     The first report performed by Coventry Health Care on September 18, 2008 found that she was disabled from her "own occupation" of a physical therapist.

      **ANSWER:     In response to the averments contained in Paragraph 32, Aetna states that any alleged writing referenced therein speaks for itself, and the writing is the best evidence of what is stated, and therefore no admission or denial is required.  To the extent**

7

**an answer is required, Aetna denies Plaintiff's characterization of the language of the report.**

33.     The Plan provided two years of coverage to the plaintiff for being disabled from her own occupation.

      **ANSWER:     Aetna admits the averments contained in Paragraph 33.**

34.     After the two-year period the Defendant conducted an "any occupation" review of the plaintiff's employability in the open labor market.

      **ANSWER:     Aetna denies the averments contained in Paragraph 34.**

35.     Coventry Health Care completed the first "own occupation" disability report on 6/10/2009.

      **ANSWER:     In response to the averments contained in Paragraph 35, Aetna states that it does not know what Plaintiff means by the phrase "'own occupation' disability report," and therefore cannot respond to the averments contained in Paragraph 35.**

36.     The purpose of the report was to determine if "a reasonable job does exist in the local labor market that will allow her to meet her target wage of $24.75."

      **ANSWER:     In response to the averments contained in Paragraph 36, Aetna states that any alleged writing referenced therein speaks for itself, and the writing is the best evidence of what is stated.  To the extent an admission or denial is required, Aetna denies Plaintiff's characterization of the language of the report.**

37.     The report did not make an employment determination, but instead recommended more research including "a combination of a labor market survey and general vocational exploration."

      **ANSWER:     In response to the averments contained in Paragraph 37, Aetna states that any alleged writing referenced therein speaks for itself, and the writing is the best**

evidence of what is stated.  To the extent an admission or denial is required, Aetna denies Plaintiff's characterization of the language of the report.

38.     A labor Market Survey was not conducted until 2/10/2010.

     **ANSWER:     Aetna denies the averments contained in Paragraph 38.**

39.     After several emails from the Defendant's employees to the vocational rehabilitation specialist a third report on 7/16/2009 was written by the same vocational expert stating the Plaintiff was employable.

     **ANSWER:     In response to the averments contained in Paragraph 39, Aetna states that any alleged writing referenced therein speaks for itself, and the writing is the best evidence of what is stated.  Further answering, Aetna states that it is not certain what Plaintiff means by the phrase "several emails," and therefore cannot respond to the averment containing that reference.  To the extent an answer is required, Aetna denies the same.   Further answering, Aetna admits that a vocational rehabilitation specialist determined that Plaintiff was employable.   Aetna denies the remaining averments contained in Paragraph 39.**

40.     The Plaintiff conducted the same web search as the third vocational report and found no jobs available to her in the region.

     **ANSWER:     Aetna is without sufficient knowledge or information to form a belief as to the truth of the averments contained in Paragraph 40, and therefore, denies the same.**

41.     The Plaintiff reported this information to the Defendant in her appeal of the denial of her claim.

     **ANSWER:     Aetna admits the averments contained in Paragraph 41.**

42.     The Plaintiff advised the Defendant that she did not have a PHD [sic] in that she had not completed her dissertation, and would not be employable as a teacher or professor for that reason.  The Defendant failed to take this information into account.

3663889.4

**ANSWER:   In response to the averments contained in Paragraph 42, Aetna admits that Plaintiff notified it that she does not have a Ph.D, but instead has a Ph.D (A.B.D.), "all but dissertation."   Aetna denies the remaining averments contained in Paragraph 42.**

43.    The Defendant [c]ontinued to deny the Plaintiff's claim after her letter and appeal.

**ANSWER:    Aetna admits the averments contained in Paragraph 43.**

44.    The Defendant had [a] Labor Market Survey conducted on 2/10/2010[,] more than 6 months after the vocational report stating she was employable.  The survey identified physical therapy jobs that [t]he Plaintiff could qualify for and found no management or teaching positions for the plaintiff that met her reasonable wage criteria per the policy.  The Labor Market Survey only found jobs from which [t]he Plaintiff had previously been disqualified from in the prior vocational reports and from her "own occupation."

**ANSWER:    Aetna denies the averments contained in Paragraph 44.**

45.    The job identified by the labor marker [sic] survey either did not meet the sedentary to light labor qualification for the plaintiff or fell below the reasonable wage criteria.

**ANSWER:    Aetna denies the averments contained in Paragraph 45.**

46.    The labor market survey was completed after the third vocational rehabilitation report.

**ANSWER:    Aetna denies the averments contained in Paragraph 46.**

47.    Defendant['s] retained physicians fail [sic] to rely on the medical records and the statements of Plaintiff's treating physicians.

**ANSWER:    Aetna denies the averments contained in Paragraph 47.**

48.    The substantial medical evidence, as a whole, indicates that the plaintiff is unable to perform all the material duties of a "reasonable occupation" and is unable to perform any gainful employment for which she is "reasonably" fitted by education, training or experience pursuant to the terms of the plan.

**ANSWER:    Aetna denies the averments contained in Paragraph 48.**

49.     Defendant's decision to terminate long-term disability benefits for the plaintiff constitute an "abuse of discretion" on the part of the defendant as Defendant failed to review the evidence as a whole, disregarded diagnoses and opinions of Plaintiff's treating physicians and relied solely on the opinions of hired consultants who ignored opinions of Plaintiff's treating physicians.

**ANSWER:     Aetna denies the averments contained in Paragraph 49.**

50.     The opinions of the hired consultants are so confused and garbled as to be irrelevant and unreliable to deny the plaintiff her long-term disability benefits.

**ANSWER:     Aetna denies the averments contained in Paragraph 50.**

51.     Defendant's decision to terminate benefits was made while a "conflict of interest" existed between Plaintiff as beneficiary of the plan and Defendant as the "fiduciary" who had a financial interest in the denial of Plaintiff's benefits.

**ANSWER:     Aetna denies the averments contained in Paragraph 51.**

52.     Plaintiff is disabled and has been since May 21, 2007, and is entitled to her long terms [sic] benefits under 29 USC Section 1132 (a)(1)(B) and to attorneys fees.

**ANSWER:     Aetna denies the averments contained in Paragraph 52.**

Wherefore Plaintiff respectfully requests this Court reinstate Plaintiff's disability benefits retroactive to the date of termination by reversing the decision of the Defendant and ordering the Defendant to pay benefits with interest, plus attorney fees, cost and expenses of this suit, and all other equitable relief that is just and proper.

**ANSWER:     The "Wherefore" paragraph following Paragraph 52 contains requests for relief to which no admission or denial is required.  To the extent it is read to assert that Plaintiff has stated any viable claims for relief, Aetna denies the allegations therein.**

## AFFIRMATIVE DEFENSES

1)     Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state a claim upon which relief may be granted.

2)      Plaintiff's Complaint, and each purported cause of action alleged therein, is barred by the doctrines of unclean hands, waiver, estoppel, laches, and accord and satisfaction.

3)      The terms of Aetna's benefit plan and ERISA do not support Plaintiff's claim that she is entitled to anything other than what she has already received, if that.

4)      The administration of Plaintiff's claim for benefits was entirely proper and without abuse of discretion.

5)      There is no right for pre-complaint attorney's fees under ERISA, and, in any event, Plaintiff is not entitled to any award of attorney's fees because this action is without merit.

6)      There is no right to punitive or extra-contractual damages under ERISA.

7)      Aetna asserts that, as a matter of law, any benefits allegedly owed to Plaintiff (Aetna denies that any benefits are owed to Plaintiff) must be offset by the value of benefits received by Plaintiff.  Aetna asserts the equitable doctrine of set-off.

8)      Responding further and by way of defense, Plaintiff is not and cannot be a prevailing party plaintiff in this action, or, in the alternative, because Aetna reasonably relied on the documentation provided, an award of benefits and other damages sought, would, under the circumstances, be against the equities.

9)      Responding further and by way of defense, there is no right to a jury trial for claims brought pursuant to ERISA's civil enforcement statute, 29 U.S.C. § 1132(a).  Any request for trial by jury should be stricken.

11)     Aetna hereby reserves the right to assert such other defenses and affirmative defenses as become known during the course of this matter.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Aetna Life Insurance Company denies that Plaintiff is entitled to any relief as a result of the allegations set forth in the Complaint and prays for judgment as follows:

1)      That Plaintiff take nothing by virtue of the Complaint and that judgment be entered in favor of Aetna;

2)      That the Complaint be dismissed with prejudice;

3)      That Aetna be awarded its costs of suit and attorneys' fees incurred in the defense of this action; and

4)      That Aetna be awarded such other and further relief as this Court deems just and proper.

Dated: July 12, 2011

Respectfully submitted,

By: _/s/ Amanda E. Colvin_____
Charles B. Jellinek, # 44462
Amanda E. Colvin, # 61763
**BRYAN CAVE LLP**
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
cbjellinek@bryancave.com
amanda.colvin@bryancave.com

*Attorneys for Defendant Aetna Life
Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on July 12, 2011, the foregoing Answer and Affirmative Defenses to Plaintiff's Amended Complaint was served via the electronic filing system of the U.S. District Court for the Eastern District of Missouri upon the following counsel of record:

> Robert J. Goldson
> The Goldson Law Firm LLC
> 130 E. Lockwood
> Webster Groves, MO 63119
> Telephone: (314) 961-6781
> Facsimile: (314) 961-6965
> rob@thegoldsonlawfirm.com
>
> Attorney for Plaintiff

<u>/s/ *Amanda E. Colvin*</u>
Attorney for Defendant Aetna Life
Insurance Company

14